O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

155/156

CIVIL MINUTES - GENERAL

| Case No. | CV 06-1232 PSG (MANx) | Date | November 17, 2008 |
|---|---|---|---|
| Title | Patrick W. Seamans v. Kim Belshe | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:**   (In Chambers) Order Granting Summary Judgment for Defendant

Before this Court are cross-motions for summary judgment. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS in part and DENIES in part Defendant's Motion.

I.     Background

Plaintiff Patrick Seamans is an individual with hearing, vision, and speech disabilities. Defendant Kim Belshe was sued in her official capacity as Secretary of the California Health and Human Services Agency ("CHHSA").[1] Plaintiff's Second Amended Complaint ("SAC"), which is somewhat difficult to decipher, seeks unspecified relief for a number of causes of action. The Court has carefully reviewed Seaman's SAC, as well as his briefs, in an attempt to ascertain the legal and factual underpinnings of his claims.

Seamans receives Childhood Disability Benefits ("CDB") from the U.S. Office of Personnel Management ("OPM"), based on the federal civil service of his deceased father. Through the state Medicaid program ("Medi-Cal"), Seamans receives In-Home Supportive Services ("IHSS"). The IHSS program provides in-home services to aged, blind, and disabled individuals. Based on his income, Seamans is expected to contribute a certain amount toward

---

[1] Linda M. Springer, the Director of the U.S. Office of Personnel Management, was also named as a defendant. In an order issued on April 29, 2008, the Court granted Springer's motion to dismiss the claims against her, with prejudice.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**155/156**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-1232 PSG (MANx) | Date | November 17, 2008 |
|---|---|---|---|
| Title | Patrick W. Seamans v. Kim Belshe | | |

his IHSS benefits each month. According to Seamans, his share of cost assessment has increased since March 1, 2004, the date on which he began to receive OPM benefits. Under the applicable regulations, Seamans's OPM benefits are counted as "income" for the purposes of determining his Medi-Cal eligibility and his share of cost. Seamans maintains that his OPM benefits are "functionally the same" as Disabled Adult Child ("DAC") benefits under the Social Security Act, which are not considered countable "income" for Medi-Cal purposes.

On July 3, 2006, Seamans filed his First Amended Complaint ("FAC") against Cliff Allenby, former Interim Director of the California Department of Social Services. Seamans sought a declaratory judgment that his OPM benefits are not countable as income for the purposes of determining his eligibility and share of cost for Medi-Cal. After reviewing the parties' briefs and conducting exhaustive research of its own, the Court determined that Seamans's OPM benefits are not exempt from consideration in determining his eligibility and share of cost in the Medi-Cal program. *See Order* issued February 15, 2006. The Court found that although Seamans's argument had a certain logical appeal, "nothing in California law explicitly supports Seamans's argument that his OPM benefits are excludable income for purpose of calculating share of cost under Medi-Cal." *Id.* at 5. Declining to "postulate what Congress might have done had it been presented with the precise issue identified by claimant," the Court advised Seamans to seek legislative relief. *Id.* at 7-8. The Court also rejected Seamans's argument that this classification of his OPM benefits violates the Equal Protection Clause. *See id.* at 6.

The SAC appears to reassert Seamans's claims regarding the purported mischaracterization of his OPM benefits, in addition to alleging several other claims. Because numerous motions for partial summary judgment were previously filed in this action, the Court ordered the parties to file cross-motions for summary judgment.

II.     <u>Legal</u> <u>Standard</u>

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. *See id.* at 257.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

155/156

CIVIL MINUTES - GENERAL

| Case No. | CV 06-1232 PSG (MANx) | Date | November 17, 2008 |
|---|---|---|---|
| Title | Patrick W. Seamans v. Kim Belshe | | |

A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Such an issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. *See Anderson*, 477 U.S. at 250-51. If the moving party seeks summary judgment on a claim or defense for which it bears the burden of proof at trial, the moving party must provide affirmative, admissible evidence. Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible evidence at trial, and must show that the declarant or affiant is competent to testify as to the facts at issue. *See* Fed. R. Civ. P. 56(e).

III. Discussion

As an initial matter, since Seamans is acting *pro se*, the Court must "consider as evidence . . . all of [Plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge, and where [he] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 922-23 (9th Cir. 2004). Here, Seamans prefaced his motion by attesting under penalty of perjury to the truth of the statements therein. *See Pl. Mot. 3:9-13*. Therefore, his statements constitute evidence for the purposes of summary judgement. *See Jones*, 393 F.3d at 923.

A. *"Illegal" Reorganization of IHSS Recipients and Share of Cost Assessment*

First, Seamans claims that the California Department of Health Services ("CDHS") underwent a reorganization, supervised by the CHHSA, which involved "splitting" the IHHS program into two subgroups. *SAC ¶ 15*. According to Seamans, IHHS recipients who were being served by licensed providers fell under the authority of the CDHS, while recipients who were being served by unlicensed providers fell under the authority of the California Department of Social Services ("CDSS"). *SAC ¶¶ 15-19*. Seamans allegedly fell under the authority of the CDSS and was assessed a "huge" share of cost for his IHSS. *SAC ¶ 19*. He seeks to be transferred back under the authority of the CDHS and to have his benefits "immediately restored to the status they were right before the transfer" occurred. *SAC ¶ 23*.

Defendant argues that this claim is barred by collateral estoppel. She maintains that whether Seamans's OPM benefits constitute "income" for the purpose of determining his Medi-Cal share of cost was already decided by the Court and that Seamans has simply switched defendants in an attempt to relitigate this issue. Furthermore, William Ing, Special Assistant to

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**155/156**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-1232 PSG (MANx) | Date | November 17, 2008 |
|---|---|---|---|
| Title | Patrick W. Seamans v. Kim Belshe | | |

Defendant Belshe, stated in a sworn affidavit that neither Belshe nor the CHHSA can provide Seamans with the relief that he seeks. *Ing Decl.* ¶¶ 2-3.

Collateral estoppel prohibits relitigation of an issue when: (1) the issue at stake is identical to the one alleged in the prior litigation; (2) the issue was actually litigated by the party against whom preclusion is asserted in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a necessary part of the judgement in the earlier action. *Town of North Bonneville v. Callaway*, 10 F.3d 1505, 1508 (9th Cir. 1993).

As discussed above, the Court previously determined that Seamans's OPM benefits are not exempt from consideration in determining his eligibility and share of cost in the Medi-Cal program. *See Order* issued February 15, 2006. The Court also rejected Seamans's argument that this classification of his OPM benefits violates the Equal Protection Clause. *See id.* at 6. Thus, Seamans has already litigated his share of cost assessment claim, and the Court's decision on that issue was essential to its denial of Seamans's motion for declaratory judgement against Allenby. *See id.* Seamans may not get a second bite at the apple simply by switching defendants. *See Appling v. State Farm Mut. Auto Ins. Co.*, 340 F.3d 769, 776 (9th Cir. 2003). Because Seamans's claim regarding his share of cost assessment is barred by collateral estoppel, summary judgment as to this claim is granted for Defendant.

Seamans's claims that CDHS was illegally reorganized and that he was "suddenly and illegally dumped onto the California Department of Social Services," *SAC* ¶ 15, are not barred by collateral estoppel because they were not previously decided by the Court. However, Seamans points to no law supporting his claim that the reorganization of IHSS recipients was "illegal." Moreover, according to Defendant, she and the CHHSA do not exercise direct authority over the CDHS or the CDSS. *Ing. Decl.* ¶¶ 2-3. Defendant has submitted a sworn affidavit indicating that she cannot provide Seamans with the relief he seeks. *Id.* Because Seamans has failed to allege a sound legal basis for his claims, and because he has not shown that Defendant was responsible for or has the authority to reverse the reorganization of IHHS recipients, summary judgment is granted for Defendant on this claim as well.

  B.  *Violations of the ADA*

Next, Seamans alleges that the CHHSA and its departments are in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. *SAC* ¶ 24. Specifically, Seamans claims that: (1) CHHSA and its Departments and affiliated agencies mandate that only "Certified" sign language interpreters can be used within various state agencies to assist anyone

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**155/156**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-1232 PSG (MANx) | Date | November 17, 2008 |
|---|---|---|---|
| Title | Patrick W. Seamans v. Kim Belshe | | |

with hearing loss; (2) "most of the CHHSA Departments and their affiliated contracted agencies are forcing English-fluent persons with hearing loss to utilize a non-English assistance services provider"; (3) the CHHSA Departments "often list a 'TDD' telephone number that is often not working"; and (4) none of the CHHSA department regulations have made any provision for accommodation of persons with speech impairments, including the provision of Speech-to-Speech Communication Assistants or assistive devices. *SAC* ¶ 24 n.17. Defendant fails to address these claims in her briefs.

Title II of the ADA prohibits individuals from being excluded from participation in or denied the benefits of services, programs, or activities of a public entity based on a disability. 42 U.S.C. § 12132. To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of his disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).[2]

The Court assumes, because Defendant does not appear to dispute, that Seamans is a qualified individual under the ADA. However, the Court declines to analyze whether the Seamans has satisfied the second and third elements of a prima facie ADA claim because is not clear that Belshe can be held responsible for any ADA violations which may have occurred, as explained below.

The CHHSA "provides oversight and guidance" to twelve different departments, which are responsible for administering various health care, social services, and public assistance programs. *See Ing. Decl.* ¶ 2. The SAC alleges that Seamans "has been involved with several of these CHHSA Departments, including, but not limited to: the California Department of Social Services ("CDSS"), the California Department of Health Services ("CDHS"), the California Department of Developmental Services ("CDDS"), and the California Department of Rehabilitation ("CDOR"). Seamans's motion for summary judgement, which is 68 pages long, alleges that various CHHSA departments violated the ADA by denying him the services of a speech-to-speech communicative assistant and/or

---

[2] Compensatory damages are not available under the ADA absent a showing of discriminatory intent. *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998). However, corrective remedies, such as permanent injunctive relief, are available to plaintiffs regardless of intent. *Id.*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**155/156**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-1232 PSG (MANx) | Date | November 17, 2008 |
|---|---|---|---|
| Title | Patrick W. Seamans v. Kim Belshe | | |

insisting that he use an ASL interpreter. *See, e.g., Pl's Mot.* 32-35, 48-50. However, Seamans does not claim to have ever dealt directly with the CHHSA; he never alleges that CHHSA itself, rather than one of the various departments, violated the ADA. *See, e.g., SAC* ¶ 24 n.17.

The Court must look to California law to determine whether responsibility for the ADA violations Plaintiff alleges can properly be attributed to Belshe. *See Lightbourn v. County of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997). Unless Belshe has a legal duty to ensure compliance with the ADA among the twelve departments that the CHHSA oversees, she cannot be held responsible for the purported violations. *See id.* at 429. Belshe has submitted the sworn affidavit of William Ing, special assistant to Belshe, which states that the CHHSA does not exercise direct authority over the departments. *Ing Decl.* ¶¶ 1-3. Seamans has failed to submit any evidence or point to any law which indicates that Belshe has direct authority over the departments or that she is legally obligated to ensure their compliance with the ADA. Further, without direct authority over the departments, Belshe could not implement any corrective relief. Thus, while Seamans may have a viable ADA claim, it appears that Belshe is not the proper defendant. Accordingly, summary judgment is granted for Defendant as to Seamans's ADA claim.

  C. *Developmental Disabilities Assistance*

Finally, Seamans alleges that the CDDS has "continually denied" him services because its eligibility regulations are not in compliance with federal law. *SAC* ¶ 25. Seamans claims that Defendant failed to set proper policies, in accordance with federal law, with regard to the "admittance of and services for persons with the Developmental Disability of left posterior superior temporal gyrus hypoplasia by her subsidiary Department of Developmental Services, and its personnel through the State of California." *Pl. Opp.* 3-4. According to Seamans, in 2006 his application to become a client of the Lanterman Regional Center in Los Angeles was rejected because he was found not to be "developmentally disabled" under their regulations. Seamans argues that these regulations are "out-of-date" and that he is "developmentally disabled" under federal law.

Again, it is unclear whether Defendant has the authority to set regulations for the CDDS or its regional centers. Seamans has failed to show that the rejection of his application violated any federal law or, moreover, that the rejection is attributable to Defendant. Because Seamans has not made out a prima facie case of any legal violation for which Defendant is responsible, summary judgement is granted for Defendant on his claim

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**155/156**

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-1232 PSG (MANx) | Date | November 17, 2008 |
|---|---|---|---|
| Title | Patrick W. Seamans v. Kim Belshe | | |

for denial of CDDS services.

IV.     Conclusion

     For the foregoing reasons, summary judgment is GRANTED for Defendant. Defendant shall submit a judgment within ten (10) days of the date of this order.

    **IT IS SO ORDERED.**